GREGORY T. WIELAND *et al.*, Indiv. and on Behalf of a Class of All Others Similarly Situated, Plaintiffs-Appellants, v. LAWYERS TRUST FUND OF ILLINOIS *et al.*,[1] Defendants-Appellees.

Fifth District    No. 5—03—0419

Opinion filed September 15, 2005.

Charles R. Watkins and John R. Wylie, both of Susman & Watkins, of Chicago, and Mark D. Mittleman and Robert M. Heggie, both of Beach, Stewart, Heggie, Mittleman & Curtis, L.L.C., of St. Louis, Missouri, for appellants.

Christopher Cueto, of Law Office of Christopher Cueto, Ltd., of Belleville, for appellee Lawyers Trust Fund of Illinois.

Lisa Madigan, Attorney General, of Chicago (Gary Feinerman, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for appellees Justices of Supreme Court.

---

[1] At the time of the filing of this appeal, Justice Rarick (one of the named defendants) was a Justice of the Illinois Supreme Court. However, at the time of the filing of this opinion, Justice Rarick had retired from the supreme court, and his position was filled by the Honorable Lloyd A. Karmeier. Also, effective September 6, 2005, Justice Thomas (another named defendant) became the Chief Justice.

JUSTICE SPOMER[2] delivered the opinion of the court:

The plaintiffs, Gregory T. Wieland and Michael Gallagher, filed a class action complaint in the circuit court of St. Clair County, naming as defendants the Lawyers Trust Fund of Illinois (LTF), a not-for-profit corporation, and the Justices of the Supreme Court of Illinois (Justices), in their official capacities. The plaintiffs alleged that Rule 1.15(d) of the Rules of Professional Conduct (188 Ill. 2d R. 1.15(d)), which established a program to provide for interest on lawyers' trust accounts (IOLTA), violated the fifth amendment to the United States Constitution, as applied to the states by the fourteenth amendment, because it established a mechanism for the taking of private property for public use without just compensation. In particular, the plaintiffs claimed that the mandate of Rule 1.15(d) that a lawyer place client funds into a pooled trust account, with the LTF named as the beneficiary of any interest income, whenever the lawyer deems the possession of those funds to be "nominal or short-term" (188 Ill. 2d R. 1.15(d)), resulted in a taking of the interest on their funds without just compensation. The class action complaint prayed for a declaration of the unconstitutionality of Rule 1.15(d), equitable and injunctive relief to prevent the defendants from enforcing the challenged portion of Rule 1.15(d), and monetary damages.

The defendants filed combined motions to dismiss pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 2002)). The motions alleged various procedural and substantive defects in the class action complaint. In particular, the defendants alleged the following defects: (1) state officials sued in their official capacities are not "persons" within the meaning of section 1983 of the Civil Rights Act of 1964 (42 U.S.C. § 1983 (2000)), (2) the Justices are entitled to sovereign immunity, (3) the LTF is not a "person" within the meaning of section 1983, (4) the IOLTA program does not violate the fifth amendment, (5) the fifth and fourteenth amendments do not provide a private cause of action, and (6) plaintiff Gregory Wieland's claim is barred by the statute of limitations. The motions were taken under advisement until the release of the decision of the United States Supreme Court in *Brown v. Legal Foundation of Washington*, 538 U.S. 216, 155 L. Ed. 2d 376, 123 S. Ct. 1406 (2003), which addressed a similar challenge to the State of Washington's IOLTA rule.

Following the decision in the *Brown* case, which held that

---

[2]Justice Maag participated in oral argument. Justice Spomer was later substituted on the panel and has read the briefs and listened to the audiotape of oral argument.

Washington's IOLTA rule does not violate the fifth amendment, the circuit court entered an order granting the defendants' motion to dismiss. The plaintiffs appeal that order. For the reasons set forth below, we affirm the circuit court's order on the basis that *Brown* is dispositive. Accordingly, we decline to address the various other issues raised by the parties.

The following language of Rule 1.15 is at issue:

"(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account or accounts maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. ***

* * *

(d) All nominal or short-term funds of clients paid to a lawyer or law firm, including advances for costs and expenses, shall be deposited in one or more pooled interest-bearing trust accounts established with a bank or savings and loan association, with the Lawyers Trust Fund of Illinois designated as income beneficiary. ***

* * *

(4) Each lawyer or law firm shall deposit into such interest-bearing trust accounts all clients' funds which are nominal in amount or are expected to be held for a short period of time.

(5) The decision as to whether funds are nominal in amount or are expected to be held for a short period of time rests exclusively in the sound judgment of the lawyer or law firm, and no charge of ethical impropriety or other breach of professional conduct shall attend a lawyer's or law firm's judgment on what is nominal or short term.

(e) Ordinarily, in determining the type of account into which to deposit particular funds for a client, a lawyer or a law firm shall take into consideration the following factors:

(1) the amount of interest which the funds would earn during the period they are expected to be deposited;

(2) the cost of establishing and administering the account, including the cost of the lawyer's services;

(3) the capability of the financial institution, through subaccounting, to calculate and pay interest earned by each client's funds, net of any transaction costs, to the individual client." 188 Ill. 2d R. 1.15.

The LTF is a tax-exempt, not-for-profit organization that administers the IOLTA program. The LTF uses the interest generated by the IOLTA accounts to make charitable contributions to not-for-

profit agencies that provide legal aid to the poor. Prior to the adoption of Rule 1.15 and the establishment of the IOLTA program in Illinois, the interest generated by these pooled accounts was retained by the banks, due to Depression-era banking regulations prohibiting federally insured banks from paying interest on checking accounts. In 1980, Congress changed these regulations to permit interest on negotiable order of withdraw (NOW) accounts, as long as the beneficial interest in a NOW account was owned by a nonprofit organization operated primarily for a religious, philanthropic, charitable, educational, or similar purpose. 12 U.S.C. § 1832 (1982). Florida then established the first IOLTA program. Presently, all 50 states, the District of Columbia, and the Virgin Islands have adopted IOLTA programs.

In *Brown*, the United States Supreme Court found that Washington's IOLTA rule did result in a *per se* taking of private property for public use. *Brown v. Legal Foundation of Washington*, 538 U.S. 216, 232-33, 155 L. Ed. 2d 376, 392-93, 123 S. Ct. 1406, 1417-18 (2003). However, the Court held that because "just compensation" is measured by the property owner's loss, rather than the government's gain, and because if the Washington rule is followed, only funds that could not generate net interest for the client are to be placed in IOLTA accounts, the amount of compensation due was zero. *Brown*, 538 U.S. at 239, 155 L. Ed. 2d at 397, 123 S. Ct. at 1421. The Court recognized that the Washington rule did require the lawyer to exercise discretion in determining what is nominal or short-term. *Brown*, 538 U.S. at 239, 155 L. Ed. 2d at 397, 123 S. Ct. at 1421. However, the Court stated that any conceivable net loss to clients due to incorrect private decisions in this regard would not be a result of state action. *Brown*, 538 U.S. at 239, 155 L. Ed. 2d at 397, 123 S. Ct. at 1421. Although the Court recognized that an indiscretion in the application of the rule might well give the client a valid claim against the lawyer, there would be no support for a claim for compensation from the state. *Brown*, 538 U.S. at 239, 155 L. Ed. 2d at 397, 123 S. Ct. at 1421.

The plaintiffs point to two minor differences in the language of the Washington IOLTA rule compared to the Illinois IOLTA rule, and they contend that those differences support a distinction that would make the ruling in *Brown* inapposite. We find these language differences to be *de minimis*.

First, the plaintiffs argue that the Washington rule was upheld because the Washington rule mandates that any funds not placed in an IOLTA account be placed into a separate interest-bearing trust account for the client or a pooled interest-bearing account with subaccounting that will provide for the computation of interest earned by each client's funds and the payment thereof to the client. In other

words, Washington requires that all client funds be placed in interest-bearing trust accounts, with funds that would not generate net interest for the client (because they are short-term or nominal) to be placed in an IOLTA account.

In contrast, the Illinois rule only requires that lawyers keep client funds in a separate account maintained in the state where the lawyer's office is situated. The Illinois rule does not preclude the lawyer from placing funds in an interest-bearing trust account for the client, but it does not mandate that the lawyer do so. However, the Illinois rule does mandate that short-term or nominal funds be placed in an interest-bearing IOLTA account. The plaintiffs argue that the fact that the Illinois rule lacks an interest-earning mandate for client funds that are not short-term or nominal takes the Illinois rule out of the purview of *Brown*. We disagree. The fact that, in Illinois, there is no expectation that a client's funds will be placed in an interest-bearing trust account if not placed in an IOLTA account actually supports the proposition that a client has lost nothing for which compensation would be due.

*Brown* upheld the Washington rule because if that rule is followed, only client funds which alone could not generate net interest for the client are required to be deposited in an IOLTA account. *Brown*, 538 U.S. at 239, 155 L. Ed. 2d at 397, 123 S. Ct. at 1421. The Illinois rule, just like the Washington rule, only requires nominal or short-term funds to be placed in an IOLTA account. The Illinois rule outlines factors identical to those of the Washington rule for the lawyer to consider when determining whether the funds are nominal or short-term. Although the Illinois rule does not specifically employ the language "a lawyer shall consider only whether the funds to be invested could be utilized to provide a positive net return to the client," the factors outlined in the Illinois rule lead to exactly that assessment. Like Washington, Illinois requires the lawyer to consider the amount of interest that the funds would earn during the period they are expected to be deposited, the cost of establishing and administering the account, including the cost of the lawyer's services, and the capability of the financial institution to calculate and pay interest to each individual client.

Second, the plaintiffs point to the language of the Illinois rule regarding the lawyer's discretion in determining whether funds are short-term or nominal, as well as the language of the Illinois rule that states that "no charge of ethical impropriety or other breach of professional conduct shall attend a lawyer's or law firm's judgment on what is nominal or short term" (188 Ill. 2d R. 1.15(d)(5)), as support for their argument that the Illinois rule is distinguishable from the

Washington rule. Although the Washington rule does not employ this language, the *Brown* Court recognized the lawyer's discretion in applying the Washington rule. The *Brown* Court explained, "Any conceivable net loss to petitioners was the consequence of *** incorrect private decisions rather than any state action." *Brown*, 538 U.S. at 239, 155 L. Ed. 2d at 397, 123 S. Ct. at 1421.

The plaintiffs also argue that the language of Rule 1.15(d) would render an Illinois lawyer immune from a private cause of action brought by the client in cases where funds capable of generating net interest for the client are erroneously deposited in an IOLTA account. This proposition is erroneous. As the preamble to the Illinois Rules of Professional Conduct indicates, "Violation of these rules is grounds for discipline." 134 Ill. 2d Illinois Rules of Professional Conduct, Preamble, at 470. The Illinois rule immunizes the lawyer from disciplinary action by the Attorney Registration and Disciplinary Commission, not from a private cause of action. Nothing in Rule 1.15 precludes a client from bringing a private cause of action against the lawyer for placing funds into an IOLTA account if the client is able to establish a standard of care and establish that the lawyer breached that standard.

For the reasons stated above, we find no meaningful difference in the language of the Washington rule and the language of the Illinois rule. Accordingly, we find the holding of the United States Supreme Court in *Brown* to be apposite. The just compensation due a client under the terms of the Illinois rule is zero. Therefore, there has been no violation of the just compensation clause of the fifth amendment, and the circuit court was not in error when it dismissed the plaintiffs' complaint. The judgment of the circuit court is affirmed.

Affirmed.

DONOVAN, P.J., and HOPKINS, J., concur.